## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | | |
|---|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | ) ) ) | Case No. 3:19-md-02885 |
| | ) | Judge M. Casey Rodgers |
| | ) ) | Magistrate Judge Gary R. Jones |
| This Document Relates to: | ) | |
| Carter Stelling | ) | |
| Civil Case No. 7:20-cv-00143 | ) | |

## ANSWER TO SHORT-FORM COMPLAINT

Defendants 3M Company, 3M Occupational Safety LLC, Aearo Holding LLC, Aearo Intermediate LLC, Aearo LLC, and Aearo Technologies LLC ("Defendants"), by and through their counsel, file the following Answer to Bellwether Plaintiff Carter Stelling's Short-Form Complaint (the "Stelling Complaint").

## DEFENDANTS

1.      Defendants object to the allegations in Paragraph 1 of the Stelling Complaint as they call for a legal conclusion and therefore, no response is required.

## PLAINTIFF(S)

2.      Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 2 of the Stelling Complaint.

3.      There are no allegations set forth in Paragraph 3 of the Stelling Complaint, so no response is required.

4.     There are no allegations set forth in Paragraph 4 of the Stelling Complaint, so no response is required.

5.     Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Stelling Complaint.

## JURISDICTION

6.     Defendants admit that Plaintiff is alleging diversity of citizenship as the basis for jurisdiction, but otherwise are without sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of the Stelling Complaint.

7.     There are no allegations set forth in Paragraph 7 of the Stelling Complaint, so no response is required.

## USE OF DUAL-ENDED COMBAT ARMS EARPLUG

8.     Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph 8 of the Stelling Complaint.

## INJURIES

9.     Defendants admit that Plaintiff alleges the injuries set forth in Paragraph 9 of the Stelling Complaint but deny that the injuries are in any way related to Defendants or that Plaintiff is entitled to any relief.

## CAUSES OF ACTION

10.   Defendants specifically deny all causes of action set forth in the Stelling Complaint and hereby adopt and incorporate by reference the admissions and averments set forth in the Master Answer.  *See* Dkt. No. 959.

11.   There are no allegations set forth in Paragraph 11 of the Stelling Complaint, so no response is required.

12.   There are no allegations set forth in Paragraph 12 of the Stelling Complaint, so no response is required.

13.   There are no allegations set forth in Paragraph 13 of the Stelling Complaint, so no response is required.

## PRAYER FOR RELIEF

Defendants deny the allegations that Plaintiff is entitled to the relief requested, or any other relief, and demand strict proof thereof.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants, by and through their counsel, set forth and assert the following defenses and affirmative defenses to the Stelling Complaint:

1.   Defendants deny each and every allegation contained in Plaintiffs' Master Complaint except those specifically admitted in the Master Answer.

2.     Defendants consent to personal jurisdiction for the purpose of a bellwether trial in the Northern District of Florida, and have waived any objection on the grounds of improper venue.  Defendants do not hereby consent to personal jurisdiction in Plaintiff's designated forum and do not concede the forum would be an appropriate venue.

3.     Plaintiff fails to plead fraud with particularity.

4.     To the extent Defendants are liable for any injuries suffered by Plaintiff, Defendants' liability must be reduced or eliminated under principles of contributory or comparative negligence.

5.     Defendants are not liable for any injuries suffered by Plaintiff from his use of the Combat Arms Earplugs version 2 ("CAEv2") because Plaintiff misused the product in an abnormal manner that was not reasonably foreseeable to Defendants.

6.     Defendants are not liable for any injuries suffered by Plaintiff from his use of the CAEv2 because Plaintiff assumed the risk when he knowingly and voluntarily exposed himself to potentially damaging noises.

7.     Plaintiff failed to mitigate his damages by failing to take all reasonable and necessary care to minimize his injuries and the consequences therefrom.

8.    Plaintiff's claims are barred by the applicable statutes of limitations and/or repose.  Assuming that the CAEv2 provided insufficient noise attenuation, Plaintiff learned or should have learned of this issue while using the earplugs.

9.    Plaintiff's claims are barred by the doctrine of laches.

10.    Plaintiff's breach of warranty claims and causes of action are barred and/or recovery is limited in whole or in part by applicable written, contractual warranty exclusions, modifications, limitation of liability, and/or limitation of damages or remedies available.

11.    Plaintiff's claims are barred by the government contractor defense.

(a)    The United States military commissioned Defendants to develop the CAEv2.

(b)    The United States military specified that the earplug be double-sided.

(c)    The United States military specified that the earplug provide linear and non-linear protection.

(d)    The United States military approved the final length of the earplug after rejecting a longer sample for tactical reasons.

(e)    The CAEv2 conformed with the military's approved specifications.

(f)     Defendants informed the United States military that some users would obtain a better fit if they folded back the opposing flanges of the CAEv2 before insertion.

(g)     Under the government contractor defense, Defendants are not liable for any injuries that Plaintiff suffered from use of the CAEv2.

12.     Plaintiff's claims are preempted by federal law.

13.     Plaintiff's punitive damages claims do not comply with the requirements of applicable state law and/or are not permitted under applicable state law.

14.     The injuries and damages allegedly sustained by Plaintiff may have been caused, in whole or in part, by the negligent acts or omissions of individuals or entities other than Defendants, including but not limited to Plaintiff and the nonparty the United States.

15.     Plaintiff's claims are barred by the sophisticated intermediary doctrine, learned intermediary doctrine, and bulk supplier or purchaser doctrine.

(a)     Defendants instructed the United States military in the proper fitting of the CAEv2.

(b)     Defendants reasonably relied on the United States military to convey those instructions to the users of the CAEv2.

(c)     The United States military trained users to fit the CAEv2 and created written instructions that advised some users to roll back the opposing flanges to attain the best fit.

16.    Plaintiff's alleged injuries may have been caused by intervening or superseding acts of negligence by persons over whom Defendants exercise no control and for whose conduct Defendants bear no responsibility, including but not limited to Plaintiff and the United States.

17.    For a defense herein, Defendants contend that their actions and omissions, if any, were superseded by unforeseeable, independent, intervening, and superseding events.

18.    Some or all of the damages requested in the Master Complaint are not recoverable in this action.

19.    Any recovery by Plaintiff is barred or to be reduced in accordance with the collateral source rule and the legal and equitable principles of payment, satisfaction, accord and satisfaction, setoff, and rules barring windfalls and double recovery.

20.    Defendants hereby plead any and all releases entered, or to be entered into by Plaintiff, as a reduction, in whole or in part, of any damages that Plaintiff may be entitled to recover from Defendants, it being specifically denied that Defendants are liable to Plaintiff in any respect.

21.    For a defense herein, Defendants contend that they are entitled to a setoff for all settlements and compensation that Plaintiff has received, or may receive, as a result of the accident that is alleged to have occurred.

22.    For a defense herein, Defendants contend that Plaintiff is barred from recovering all damages or medical expenses paid or payable from collateral sources.

23.    For a defense herein, Defendants plead that joint and several liability does not exist in states whose law may apply to this action.

24.    Plaintiff's claims are barred because Defendants' products comported with applicable state of the art principles.

25.    Plaintiff's claims are barred by applicable state-law presumptions governing product liability claims.

26.    Plaintiff's claims are subsumed or abrogated by applicable state-law product liability statutes.

27.    Plaintiff's claims are barred because he failed to provide reasonable notice of the alleged breach to Defendants within a reasonable time.

8

28.     Plaintiff's claims are barred because he lacks privity with Defendants.

29.     Plaintiff's claims are barred on the grounds that Plaintiff may have failed to join necessary and indispensable parties.

DATED: September 9, 2020               Respectfully submitted,

*/s/Robert C. Brock*
Robert C. "Mike" Brock
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5991
mike.brock@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-3254
mark.nomellini@kirkland.com

Kimberly Branscome
DECHERT LLP
633 W. 5th St., Suite 4900
Los Angeles, CA 90071
Telephone: (213) 808-5762
kimberly.branscome@dechert.com

*Attorneys for Defendants 3M Company,*
*3M Occupational Safety LLC, Aearo*
*Holding LLC, Aearo Intermediate LLC,*
*Aearo LLC, and Aearo Technologies LLC*

9

## <u>CERTIFICATE OF SERVICE</u>

I, Robert C. Brock, hereby certify that on September 9, 2020, I caused a copy

of the foregoing to be filed through the Court's CM/ECF system, which will serve

all counsel of record.


DATED: September 9, 2020          /s/*Robert C. Brock*_____
                                 Robert C. "Mike" Brock